```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
TROPICAL SAILS CORP.,           :
                                :
              Plaintiff,        :
                                :
     -against-                  :      No. 14 Civ. 7582
                                :       OPINION & ORDER
YEXT, INC.,                     :
                                :
              Defendant.        :
------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/10/2016
```

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Defendant Yext, Inc.'s ("Yext") motion for partial reconsideration of the Court's April 12, 2016 Opinion & Order granting in part and denying in part Yext's motion to seal certain documents submitted in connection with its motion for summary judgment and Plaintiff Tropical Sails Corp.'s ("Tropical Sails") motion for class certification. Tropical Sails consented to the original request to seal, see Tropical Sails Corp. v. Yext, Inc., No. 14 Civ. 7582, 2016 WL 1451548, at *1 (S.D.N.Y. Apr. 12, 2016), and has not opposed the instant motion for reconsideration.[1]  For the reasons stated below, Yext's motion for reconsideration is denied.

---

[1] Local Civil Rule 6.3 provides the time periods for opposition and reply memoranda are governed by Local Rule 6.1(a) or (b). See S & E.D.N.Y. Local Civ. R. 6.3 (effective Sept. 3, 2013).  Yext made its original motion under Federal Rule of Civil Procedure 26 and the time periods for its motion for reconsideration are thus provided by Local Civil Rule 6.1(a), which allows opposition papers to be filed no later than seven days after service of the moving papers.

1

## I. Background

The Court assumes familiarity with the facts as set forth in its May 18, 2015 Opinion & Order. See Tropical Sails Corp., 2015 WL 2359098 (S.D.N.Y. May 18, 2015).  Relevant to the instant motion, Yext moved the Court to seal 22 of 65 exhibits submitted in connection with its motion for summary judgment and Tropical Sails's motion for class certification. See Tropical Sails Corp., 2016 WL 1451548, at *2.  Yext divided the exhibits in two categories:  those reflecting "its confidential marketing and business development activities" and those reflecting "its confidential sales statistics." Id.  In support of its motion to seal, Yext submitted one declaration from its attorney. See id.; (see also Decl. of Gavin J. Rooney [hereinafter "Rooney Decl."] (filed Mar. 29, 2016), ECF No. 16).

The Court granted Yext's motion to seal the category of documents reflecting its confidential marketing and business development activities, ruling that Yext carried its burden of demonstrating that higher values overcome the presumption of public access by identifying the specific harm of competitive injury that Yext would suffer if its market predictions and intelligence, product comparisons, and strategy were made public. Tropical Sails Corp., 2016 WL 1451548, at *4.  The Court denied Yext's motion to seal the category of documents reflecting its sales statistics because counsel made only the

broad allegation that "[p]ublic disclosure . . . would raise a substantial risk of harm to Yext since competitors would have access to Yext's confidential sales information." Id. (quoting Rooney Decl. ¶ 7). The Court ruled that Yext failed to meet its burden of demonstrating that higher values overcome the presumption of public access because it did not provide either specific examples of how public access would harm Yext or articulated reasons why public access would harm Yext. Id.

In connection with its motion for partial reconsideration, Yext submits a new affidavit from Stephen Cakebread, Chief Financial Officer of Yext. (See Mem. of Law in Support of Mot. for Partial Reconsideration [hereinafter "Mem."] 1-2 (filed Apr. 25, 2016), ECF No. 80; Declaration of Stephen Cakebread [hereinafter "Cakebread Decl."] ¶ 1 (filed Apr. 25, 2016), ECF No. 80-1.) Yext asserts that the Cakebread Declaration remedies its failure to carry its burden by "explain[ing] in detail why Yext would be damaged" if the sales documents were publicly available. (Mem. 1-2.)

## II.  Discussion

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."

Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is appropriate only where the movant demonstrates that 'the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (emphasis and alteration in original) (quoting Yurman Design Inc. v. Chaindom Enters., Inc., No. 99 Civ. 9307(JFK), 2000 WL 217480, at *1 (S.D.N.Y. Feb. 22. 2000)). "In particular, the rule forbids the submission of supporting affidavits absent the direction of the Court, because motions to reconsider are 'not an occasion for making arguments and offering evidence that could have been, but was not, adduced on the original motion.'" Gupta v. Attorney Gen. of U.S., 52 F. Supp. 3d 677, 682 (S.D.N.Y. 2014) (quoting Mannion v. Coors Brewing Co., No. 04 Civ. 1187(LAK), 2007 WL 3340925, at *1 (S.D.N.Y. Nov. 7, 2007)); see S & E.D.N.Y. Local Civ. R. 6.3 ("No affidavits shall be filed by any party unless directed by the Court.")  "[A]s is obvious from Local Civil Rule 6.3 . . . , the proponent of a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's

4

rulings." de los Santos v. Fingerson, No. 97 Civ. 3972(MJM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998).  "The purpose of the rule is 'to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y 1988) (quoting Lewis v. N.Y. Tel., No. 83 Civ. 7129, 1986 WL 1441, at *1 (S.D.N.Y. 1986) (discussing Local Rule 6.3's predecessor Local Rule 3(j))).

    Unfortunately, Yext asks the Court to reconsider its April 12, 2016 Opinion & Order based on evidence Yext did not put before the Court on its original motion.  Yext does not suggest that the Court overlooked any controlling opinion or fact, nor does Yext claim that the Cakebread Declaration was previously unavailable or otherwise offer a reason for why Yext should be permitted to offer the Cakebread Declaration.  Instead, Yext merely proffers the Cakebread Declaration as "curative of the inadequate supporting information provided with Yext's initial motion." (Mem. 2.)  Because Yext seeks "to submit additional evidence in support of a motion for reconsideration . . . , they seek . . . to do something the applicable rule forbids." de los Santos, 1998 WL 788781, at *1.  Accordingly, the Court must deny Yext's motion for partial reconsideration of its April 12, 2016 Opinion & Order.

## Conclusion

For the reasons stated above, Yext's motion for partial reconsideration is denied.

**SO ORDERED.**

Dated:   New York, New York
         May 10, 2016

_____
John F. Keenan
United States District Judge